FILED
CLERK, U.S. DISTRICT COURT

JAN 2 7 2015

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>         v.<br><br>Tedgar Alphonso Henriques Jr.,<br>aka "Lil' D-Mac,"<br>aka "T.G.,"<br><br>              Defendant. | Case No.  CR 14-304<br><br>ORDER OF DETENTION |

### I.

The Court conducted a detention hearing on January 27, 2015:

☒      On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒      On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

### II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

If presumption applies, the Court finds that the defendant has not rebutted the § 3142(e)(2) presumption by sufficient evidence to the contrary.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered all the evidence adduced at the hearing and the arguments, the arguments of counsel, and the report and recommendation of the U.S. retrial Services Agency.

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒    Lack of sufficient bail resources: Defendant has proposed two sureties, his mother and sister, who are willing to sign an unsecured appearance bond in the amount of $25,000 to $50,000.  Given the pending charges, and defendant's criminal history which includes failures to appear and violations of parole, the Court does find the proffered bail resources to be sufficient to secure defendant's appearance for future court appearances.

☐    Refusal to interview with Pretrial Services

☒    No stable residence or employment. Defendant has admitted to living in various hotel rooms for the past six months and, according to his counsel, has lived "on and off" with his mother during the past four years.

☒    Previous failure to appear or violations of probation, parole, or release – as set forth in the Pretrial Services Report

☐    Ties to foreign countries

☒    Unrebutted presumption [18 U.S.C. § 3142(e)(2)]. The Court

1  finds that defendant has failed to rebut the presumption that no condition or

2  combination of conditions will reasonably assure the appearance of the defendant

3  as required and the safety of the community . The Court has also considered the

4  government's proffer – which was not contested by the defendant – that defendant

5  contacted the FBI by telephone prior to his arrest and stated unequivocally that he

6  would surrender within a few days but failed to do so.

7  ☐

8

9  As to danger to the community:

10  ☒  Nature of previous criminal convictions which include violence

11  (voluntary manslaughter and robbery) and narcotics violations.

12  ☒  Allegations in present charging document. The court notes that

13  defendant is alleged to have committed the instant violations within two to three

14  years of his release from serving a 13-year sentence for voluntary manslaughter.

15  ☒  Admitted Substance abuse

16  ☐  Already in custody on state or federal offense

17  ☒  Unrebutted presumption [18 U.S.C. § 3142(e)(2)]

18  ☒  Alleged prior gang involvement

19  V.

20  ☐  The Court finds a serious risk that the defendant will

21  ☐  obstruct or attempt to obstruct justice.

22  ☐  threaten, injure or intimidate a prospective witness or juror, or

23  attempt to do so.

24  The Court bases its conclusions on the following:

25  VI.

26  IT IS THEREFORE ORDERED that the defendant be detained until trial.

27  The defendant will be committed to the custody of the Attorney General for

28  confinement in a corrections facility separate, to the extent practicable, from

persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel.  On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: January 27, 2015                    _____/ s /_____

HON. ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE